578 So.2d 1130 (1991)
Ralph S. PRUGH, et al., Appellants,
v.
ST. JOHNS RIVER WATER MANAGEMENT DISTRICT, et al., Appellees.
No. 90-1541.
District Court of Appeal of Florida, Fifth District.
April 4, 1991.
Rehearing Denied May 13, 1991.
*1131 John D. Middleton, Melrose, for appellants.
Jennifer L. Burdick and Nancy B. Barnard, Palatka, for appellee St. Johns River Water Management Dist.
COBB, Judge.
This appeal is a result of what was originally an application filed by the Five Masters Corporation with the St. Johns River Water Management District (appellees) for a stormwater management permit in conjunction with a proposed shopping center.
Several property owners, including the appellant, Ralph S. Prugh, protested the SJRWMD's intent to approve the application. A formal hearing[1] was held as a result of Prugh's request and the final order of the SJRWMD essentially adopted the hearing officer's findings of facts and conclusions of law. Prugh's subsequent appeal to the Florida Land and Water Adjudicatory Commission (FLWAC) proved to be futile as the FLWAC found the provisions of the final order to be consistent with the provisions of Chapter 373 (Water Resources Act).
Prugh's first points on appeal deal with the jurisdiction of the SJRWMD and with the failure of the hearing officer's recommended order to cite to the record in its findings of fact. We find both arguments to be without merit because the development in question, which was the subject of the permit application, was completely within the boundaries of the SJRWMD.[2] In addition, we find no material error in regard to the omitted record citations.
As to Prugh's final point on appeal dealing with the maintenance entity rule, we agree. Rule 40C-42.027(1)(e), F.A.C., states that a property owner or developer is normally not acceptable as a responsible entity when the property is intended to be sold to third parties; however, where the owner or developer offers proof of bonding or other financial assurances are furnished, this might be sufficient. On the other hand, corporations are only acceptable under conditions that insure that the corporation has the financial, legal, and administrative capability to provide for the long-term operation and maintenance of the stormwater discharge facility.
In the instant case, the findings by the hearing officer regarding who was going to provide the maintenance and operation of the facility was simply inconclusive. As Prugh correctly pointed out, it was not clear who was initially accepting the responsibility under this rule or who would ultimately provide for the maintenance and operation of the facility.[3]
Strict compliance with Rule 40C-42.027(1)(e), F.A.C. helps assure that the water *1132 resources of the state are being protected by requiring identifiable, financially responsible entities to maintain stormwater management systems in perpetuity.
Accordingly, the final order of the SJRWMD approving the permit application is hereby reversed with instructions to that agency to obtain specific information pursuant to Rule 40C-42.027.
AFFIRMED IN PART; REVERSED IN PART.
DAUKSCH and DIAMANTIS, JJ., concur.
NOTES
[1] See § 120.57(1), Fla. Stat. (1989).
[2] The jurisdictional issue might not have been raised at all had the SJRWMD better understood its function. The permitting process is simply a discretionary means of protecting and conserving the water resources of the State of Florida. Art. II, § 7, Fla. Const.; § 373.016(3), Fla. Stat. (1989). As the water district's own rule 40C-42.041(4), F.A.C. mandates, an applicant must provide reasonable assurances based on test results or other information that the operation of a stormwater discharge facility will not "cause pollution" in contravention of district standards, rules or regulations, including Chapter 17-3, F.A.C. The sound logic of Chapter 17-3 requires that water quality be considered in a cumulative fashion and as such, the applicant should have been required to provide background levels for the receiving waters, even if those receiving waters were outside the boundaries of the SJRWMD. Rule 40C-42.025; 17-25.025; 17-302.500; 17-302.560; 17-3.402(1) F.A.C. See also Harloff v. City of Sarasota, Southwest Florida Water Management District, 575 So.2d 1324 (Fla. 2d DCA 1991).
[3] Stipulation Number 6, Finding of Fact Number 15, and Conclusion of Law Number 9, read together, are inconsistent and should be resolved by the SJRWMD.